THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>MILLER ROOFING ENTERPRISES, a Washington Corporation; TIM MCCLINCY, an individual; MCCLINCY BROTHERS FLOOR COVERING, INC., a Washington corporation, dba MCCLINCY'S HOME DECORATING,<br><br>Defendants. | CASE NO. C11-0105-JCC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff First Mercury Insurance Company's motion for summary judgment (Dkt. No. 31). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.      BACKGROUND

Defendant McClincy Brothers Floor Covering, Inc. maintains a product showroom in a building it leases from Defendant Tim McClincy. (Dkt. No. 32 Ex. 1 ¶ 2.4.) The exterior walls of the building are finished with an exterior insulation and finish system ("EIFS"). (*Id.* Ex. 5 at 4–5; Dkt. No. 46 Ex. H.) In 1997, McClincy Brothers and Tim McClincy hired Defendant Miller

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 1

Roofing Enterprises to replace three roofs. (Dkt. No. 32 Ex. 1 ¶ 2.5.) Miller Roofing completed the construction in 1998. (*Id.* ¶ 2.6.) In January 2006, water began to leak through one of the roofs into the showroom. (*Id.* ¶ 2.9.) In January and again in June of 2006, Miller Roofing performed some repairs to the roof, pursuant to oral agreements with McClincy Brothers. (*Id.* ¶¶ 2.9, 2.11; *Id.* Ex. 3 ¶¶ 6–7; Dkt. No. 46 Ex. G.) Despite those repairs, during November and December 2007, water leaked into the showroom after heavy rain and snow storms, causing damage to the ceiling, walls, and products and materials on display. (Dkt. No. 32 Ex. 1 ¶ 2.14.)

McClincy Brothers and Tim McClincy sued Miller Roofing for, *inter alia*, breach of contract. The trial court found, *inter alia*, that Miller Roofing breached the January and June 2006 oral repair agreements. (*Id.* at 13 ¶ 3.) The court of appeals reversed and remanded for a determination as to whether the breach-of-oral-contracts claims were barred by the statute of limitations and, if not, whether Miller Roofing is liable for the alleged breaches and the measure of damages caused thereby. (*Id.* Ex. 10 at 15–22.)

Miller Roofing's insurer, First Mercury, defended Miller Roofing in the underlying suit under a reservation of rights and filed this action for a declaration of no coverage. (Dkt. No. 33 Ex. D.) The insurance policy at issue contains the following EIFS exclusion:

> This insurance does not apply to . . . "property damage" included in the "products-completed operations hazard" and arising out of "your work" described as . . . [a]ny work or operation with respect to any exterior component, fixture or feature of any structure if any "exterior insulation and finish system" is used on any part of that structure.

(Dkt. No. 33 Ex. C at 38). First Mercury moves for summary judgment that the policy does not cover the breach-of-oral-contracts damages Miller Roofing allegedly owes McClincy Brothers and Tim McClincy.

## II.  DISCUSSION

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The

interpretation of an insurance policy is a question of law. *Pub. Util. Dist. No. 1 v. Int'l Ins. Co.*, 881 P.2d 1020, 1025 (Wash. 1994). Courts construe the terms of an insurance policy in a "fair, reasonable, and sensible" manner, as "the average person purchasing insurance" would understand them. *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 325 (Wash. 2002) (quotation marks omitted). If the policy language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists. *Int'l Ins. Co.*, 881 P.2d at 1025.

The EIFS exclusion bars coverage. Defendants do not contest that the alleged breach-of-oral-contracts damages are for "property damage" arising out of Miller Roofing's "work" on the roof. (Dkt. No. 32 Ex. 5 at 5; Dkt. No. 45 at 12–13.) They do not contest that "'exterior insulation and finish system' is used on any part of th[e] [building]." (Dkt. No. 32 Ex. 5 at 4–5; Dkt. No. 45 at 14.) And they do not contest that the roof is "an[] exterior component, fixture or feature of . . . that [building]." (Dkt. No. 32 Ex. 5 at 5.) Under the plain language of the EIFS exclusion, there is no coverage. *See, e.g.*, *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 292 S.W.3d 48, 62–63 (Tex. Ct. App. 2006), *reversed in part on other grounds*, 279 S.W.3d 650 (Tex. 2009).

Defendants argue that the EIFS exclusion does not apply because the leak was the result of "defective workmanship to the roof itself," and "Miller Roofing did not install the EIFS on the building, nor did it undertake to make any repairs to the EIFS itself." (Dkt. No. 45 at 1–2; *see id.* at 14–16 (same).) Even if that is true, it is irrelevant. The exclusion applies not only to property damage arising from *EIFS*-related work by the insured; it applies to property damage arising from "*any*" work by the insured on an exterior component, fixture, or feature of a structure, as long as "'exterior insulation and finish system' is used on any part of that structure." Those conditions are met here.

Defendants also point out that "[t]he building is not constructed entirely of EIFS, but rather EIFS is employed on the exterior walls of the structure." (Dkt. No. 45 at 14.) Again, that is irrelevant. The exclusion applies if "*any* 'exterior insulation and finish system' is used on *any*

part of th[e] structure."

Defendants object that First Mercury's (and the Court's) reading of the exclusion "mean[s] that [First Mercury] could escape any liability for any negligent act performed by Miller Roofing on the building because cladding [EIFS] was placed over the exterior walls." (Dkt. No. 45 at 16.) Unfortunately for Defendants, that is the meaning of the policy Miller Roofing paid for and signed. Indeed, the U.S. Court of Appeals for the Fifth Circuit recently described an identical EIFS endorsement as "excluding any injuries arising out of . . . any work [the insured] performed on any exterior component of a building if an EIFS was used on any part of that structure." *Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.*, 592 F.3d 687, 690, 692–93 (5th Cir. 2010). "The exclusion[] appear[s] designed to exclude from coverage anything that could possibly leak or otherwise permit moisture to enter a structure when that structure has EIFS installed on it." *Pine Oak Builders*, 292 S.W.3d at 62 n.11; *see Ins. Corp. of Hannover v. Skanska USA Bldg., Inc.*, No. B-05-304, 2008 WL 2704654, at *4 n.5 (S.D. Tex. 2008) (describing identical EIFS exclusion as "broad" and "excluding coverage for damage for other work performed on a structure unrelated to the installation of EIFS, if EIFS was installed on any part of that structure").

Defendants point the Court to *Luxury Living, Inc. v. Mid-Continent Casualty Co.*, No. Civ.A. H–02–3166, 2003 WL 22116202 (S.D. Tex. Sept. 10, 2003). That case involved an EIFS endorsement that "exclud[ed] from coverage 'Property damage' arising out of the 'Exterior Insulation and Finish System Hazard [EIFS],'" where EIFS was defined as including:

> Any work or operations with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system" is used on any part of that structure by you or on your behalf.

*Id.* at *11 (alteration in original). The court held that the insurer's duty to defend was triggered because "the plaintiffs [in the underlying suit] alleged that the negligence in construction and supervision extended far [beyond] mere improper installation of EIFS, to a myriad of conditions

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 4

reflective of negligent construction of the Residence" that did "not involve any work or operations with respect to any exterior component, fixture or feature of any structure (*e.g.*, inadequate crawl space ventilation, improper fastening of folding stairs, incorrect placement of the water heater, defects in the dishwasher drain hose)." *Id.* at *17 (quotation marks and indications of alteration omitted).

*Luxury Living* is distinguishable for two reasons. First, unlike in *Luxury Living*, here, the allegedly negligently constructed component (the roof) is, unquestionably, an "exterior component, fixture or feature" of the building. *See, e.g.*, *Pine Oak*, 292 S.W.3d at 63 ("The roof itself clearly falls within the 'exterior component, fixture, or feature' portion of the EIFS exclusions."). Second, the EIFS exclusion in *Luxury Living* required that *the insured* (or someone on his behalf) use EIFS on the structure in order for property damage arising out of the insured's work to be excluded. 2003 WL 22116202, at *11. Here, the policy requires only that "any 'exterior insulation and finish system' [be] used on any part of th[e] structure."

*Capitol Specialty Insurance Corp. v. Yuan Zhang*, No. C11–41Z, 2012 WL 1252638 (W.D. Wash. Apr. 13, 2012), is also distinguishable. The exclusion in *Capitol Specialty* provided:

> This insurance does not apply to . . . "property damage" arising out of any [EIFS] work . . . .
>
> This exclusion applies to any "EIFS" . . . work described in Paragraphs 1. and 2. below performed by any insured or on behalf of any insured.
> . . . . .
> 2. Any . . . construction, . . . installation, . . . or repair . . . of any exterior component, fixture or feature of any structure if any "EIFS" work . . . is used on any part of that structure.

Plaintiff's First Motion for Summary Judgment (Dkt. No. 23) at 8–9, *Capitol Specialty*, No. C11–41Z (W.D. Wash. July 5, 2011). In *Capitol Specialty*, the court rejected the insurer's argument that the exclusion "bars coverage for damages arising out of *any* work on the Apartments' exterior if *any* portion of the building is clad in EIFS," holding instead that "the

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 5

exclusion only bars coverage for damages arising out of the insured's work with EIFS, or for damages associated with, or caused by, EIFS." 2012 WL 1252638, at *3. A difference in policy language explains the difference in the outcomes of *Capitol Specialty* and this case. The endorsement in *Capitol Specialty* required that EIFS *work*, performed by or on behalf of the insured, be used on the structure for the exclusion to apply. *See id.* Here, the First Mercury policy requires only that *EIFS* be used on the structure for the exclusion to apply. Here, unlike in *Capitol Specialty*, the insurer "unambiguously delineated when and how the exclusion applie[s]." *Id.* at *3 n.3.

Because the EIFS exclusion bars coverage, the Court need not consider First Mercury's alternative arguments for non-coverage.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS First Mercury's motion for summary judgment (Dkt. No. 31).

DATED this 22nd day of February 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE